## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CARMEN CLAVELL LAMONACO,
an individual,

                                  Case No.:

      Plaintiff,

v.

UNITED AUTO
CREDIT CORPORATION,
a foreign profit corporation, and
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation,

      Defendants.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, CARMEN CLAVELL LAMONACO (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, UNITED AUTO CREDIT CORPORATION (hereinafter, "United") and EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.    This is an action brought by an individual consumer for damages for Defendants' violations the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") wherein Defendants improperly credit-reported—and subsequently improperly verified—erroneous and fictitious

information belonging to an unrelated third-party on Plaintiff's personal consumer credit reports and credit file as maintained by Experian.

## JURISDICTION, VENUE, AND PARTIES

2.      Jurisdiction of this Court arises under 28 United States Code, Section 1331, as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq*.

3.      Defendants are subject to the jurisdiction of this Court as Defendants each regularly transact business in this District, and the events described herein occur in this District.

4.      Venue is proper in this District as the acts and transactions described herein occur in this District.

5.      At all material times herein, Plaintiff is a natural person residing in Volusia County, Florida.

6.      At all material times herein, United is a foreign for-profit corporation existing under the laws of the state of California with its principal place of business located at 1071 Camelback ST, Suite 100, Newport Beach, CA 92660.

7.      At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

## FCRA STATUTORY STRUCTURE

8.      Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer

credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 United States Code, Section 1681b.

9.      The FCRA limits access to a consumer's credit report for certain limited permissible purposes. *See* 15 United States Code, Section 1681b(a).

10.     Under the FCRA, a person shall not use or obtain a consumer report for any purpose unless the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under the FCRA, and the purpose is certified in accordance with the FCRA, Section 1681e. *See* 15 United States Code, Section 1681b(f).

11.     Additionally, under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b) (emphasis added).

12.     If a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute. *Id.* at § i(a).

13.     Under the FCRA, when a consumer reporting agency conducts any

reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer.  *Id.* at § i(a)(4).

14.    Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation.  *Id.* at § i(a)(5).

15.    Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.  Id. at § s-2(b).

16.    Any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer, is liable to that consumer:

in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; statutory damages of not less than $100 and not more than $1,000; such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

17. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer, is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

18. At all material times herein, Plaintiff is a "consumer" as defined by 15 United States Code, Section 1681a(c) because she is an individual and allegedly obligated to pay a debt.

19. At all material times herein, Defendants are each a "person" as defined by 15 United States Code, Section 1681a(b).

20. At all material times herein, United is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

21. At all material times herein, United reports account information concerning an alleged consumer debt to Experian, including but not limited to, an account for an automobile loan identified by account and/or contract number

beginning 10- (hereinafter, the "Account").

22.     At all material times herein, Experian is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.

23.     Experian disburses such consumer reports to third parties under contract in return for monetary compensation.

24.     At all material times herein, Defendants act themselves or through their respective agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

25.     All necessary conditions precedent to the filing of this action occurred, or Defendants voluntarily waived the same.

## FACTUAL ALLEGATIONS

26.     On or about April 18, 2023, Plaintiff received an alert that a new account appeared on her Experian credit report.

27.     On or about April 18, 2023, Plaintiff accessed her credit report as maintained and generated by Experian.

28.     Though Plaintiff did not open, apply for, or authorize the opening of an auto loan with United, Plaintiff's Experian report as of April 2023 included a United Auto Credit account, allegedly opened in March 2023 with an outstanding

balance totaling $26,922.00.

29.    To be clear, Plaintiff was not and is not personally liable for the Account, because: (i) Plaintiff does not have any active or closed credit accounts with United referenced by the account numbers listed; (ii) Plaintiff did not personally apply for the Account or open the Account; (iii) Plaintiff did not authorize any person to open to the Account in Plaintiff's name or on Plaintiff's behalf; (iv) Plaintiff possessed no knowledge of the Accounts prior to receiving the alert regarding her credit report in April 2023; and (v) Plaintiff did not receive the benefit of any money, goods, or services from any charges or transactions made using the Account.

30.    Through communications with United's employees, representatives, and/or agents, Plaintiff learned that the United Account bore none of Plaintiff's personal information and instead belonged to an unrelated third party with a similar first name as Plaintiff but no other common personal information.

31.    United also confirmed that the United Account did not belong to Plaintiff.

32.    On or about April 18, 2023, Plaintiff called Experian and advised Experian that the United Account did not belong to her.

33.    During this call, Plaintiff discovered that in addition to the United Account, Experian reported an address that did not belong to Plaintiff under Plaintiff's personal information with an inaccurate date of birth for Plaintiff.

34.     Plaintiff immediately disputed this information to Experian, advising Experian that such address did not belong to Plaintiff, such date of birth did not belong to Plaintiff, and the United Account did not belong to Plaintiff (hereinafter, "First Dispute").

35.     On or about April 18, 2023, Plaintiff filed a police report for identity theft and fraud with the Volusia County Sheriff's Office, identified as Police Event #P231081487.

36.     On or about May 8, 2023, Experian responded to Plaintiff's First Dispute, purportedly verifying the information disputed by Plaintiff.

37.     More specifically, Experian and United purportedly verified their reporting of the United Account as belonging on Plaintiff's Experian credit reports and in Plaintiff's Experian credit file.

38.     Additionally, Experian continued to report the inaccurate address and date of birth that do not belong to Plaintiff.

39.     On or about May 11, 2023, Plaintiff filed a complaint with the Consumer Financial Protection Bureau regarding Defendants' reporting of the United Account.

40.     On or about May 11, 2023, Plaintiff sent a letter to Experian, *again* disputing Experian's reporting of the Account and demanding that Experian remove the erroneous Accounts and erroneous personal information from Plaintiff's Experian credit report and credit file (hereinafter, the "Second Dispute").

41.    On or about May 18, 2023, Experian sent its partial dispute results to Plaintiff, removing previous addresses that did not belong to Plaintiff.

42.    On or about May 30, 2023, Plaintiff obtained a copy of her Experian credit report, which still contained numerous inaccuracies.

43.    More specifically, despite Plaintiff's previous disputes, Plaintiff's Experian report as of May 30, 2023 still included the United Account, three (3) names, and at least one (1) address all of which does not belong to Plaintiff and should not be associated with Plaintiff.

44.    Plaintiff did not open the Account and is not personally liable for the United Account.

45.    Further, the aforementioned-addresses and names do not belong to Plaintiff.

46.    On or about June 2, 2023, Experian sent its final results in response to Plaintiff's Second Dispute.

47.    In response to the Second Dispute, Experian and/or United finally removed the Account from Plaintiff's Experian credit report, however, Experian also erroneously deleted Plaintiff's current, valid address.

48.    Between April 18, 2023 and June 2, 2023, Experian generated and published information contained in Plaintiff's credit file as maintained by Experian including the United Account—that does not belong to Plaintiff—as well as inaccurate personal information.

49.     More specifically, between April 18, 2023 and June 2, 2023, Experian generated and published information regarding Plaintiff's creditworthiness to Discover Financial Services, JPMorgan Chase Bank, LendingClub Corp., and Lexis Nexis/Insurance/State Farm, all resulting in inquires on Plaintiff's credit report as maintained by Experian.

## DAMAGES

50.     Defendants' conduct constitutes a knowing and willful decision to report erroneous information related to an unknown third-party on Plaintiff's consumer credit reports, as the above-referenced erroneous information—including an erroneous trade-line, addresses, names, and a date of birth—unequivocally indicate that such personal information and trade-line information resulted from a mixed credit file with another person and should not be reported on Plaintiff's credit reports.

51.     In today's age of digital piracy, the safekeeping of one's personal and sensitive information—such as addresses and dates of birth—are of paramount importance.

52.     Plaintiff retained Undersigned Counsel for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

53.     The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an

award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

54.     As a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite Plaintiff's efforts to convey to Defendants that she did not open or authorize the   United Account, Plaintiff must simply endure Defendants' reporting of the Account.

55.     Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that she would be denied credit as a result of the erroneous and incorrect reporting of the erroneous Account.

56.     Plaintiff suffered additional actual damages in the form of damage to her credit reputation and fear that information that does not belong to Plaintiff could appear or reappear as a result of Defendants' conduct.

## COUNT ONE:
## FAIR CREDIT REPORTING ACT –
## <u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)</u>
### (as to Experian)

Plaintiff re-alleges paragraphs one (1) through fifty-six (56) as if fully restated herein and further states as follows:

57.     Experian is subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

58.     Experian willfully or negligently failed, or both, to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the erroneous Account and erroneous personal information.

59.     Specifically, Experian reported *at least* one (1) erroneous trade-line Account, reported an erroneous date of birth, and reported numerous erroneous names and addresses.

60.     Such reporting is false and evidences Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

61.     Experian's conduct constitutes a knowing and willful decision to report erroneous information related to an unknown third-party on Plaintiff's consumer credit reports, as the above-referenced erroneous information unequivocally indicates a mixed credit file between Plaintiff and a third-party, clearly demonstrating that such information should not have been reported on Plaintiff's credit reports.

62.     Experian's publishing of Plaintiff's highly sensitive and personal information to third-parties without a right or need to know such information increases the risk of identity theft and is the exact type of harm the FCRA is designed to protect.

63.     Experian's conduct was a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated

herein.

64.     Experian's violations of 15 United States Code, Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(1)**
**(as to Experian)**

Plaintiffs re-alleges paragraphs one (1) through fifty-six (56) as if fully restated herein and further states as follows:

65.     Experian is subject to, and violated the provisions of, 15 United States Code, Sections: (1) 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; (2) 1681i(a)(4) by failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments; and (3) 1681i(a)(5) by failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

66.     Specifically, Experian willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

67.     Overall, Plaintiff's multiple disputes provided Experian with sufficient information allowing Experian to identify that the United Account and specific personal information does not belong to Plaintiff and should be removed from Plaintiff's credit reports and files.

68.     Experian did not request any documents from United corroborating information furnished and verified by United in response to any of Plaintiff's disputes.

69.     Following Plaintiff's First Dispute, Experian continued to report the United Account as belonging to Plaintiff and continued reporting inaccurate personal information with respect to Plaintiff.

70.     Given that Plaintiff did not initiate the Account that created the Accounts and did not authorize any person to initiate the Account on her behalf or in her name, and given that Experian did not request any documents from the furnishers supporting the furnisher's reporting of the Accounts, Experian could not reasonably verify that Plaintiff is personally responsible for the Accounts.

71.     As such, Experian's re-investigations were not conducted in such a way as to assure whether information regarding Plaintiff and the Account was inaccurate and Experian failed to subsequently update and remove the inaccurate information found in Plaintiff's credit reports and credit files.

72.     Such reporting is false and evidences Experian failure to conduct reasonable re-investigations of Plaintiff's repeated disputes.

73.     Experian's reinvestigations of Plaintiff's disputes were not conducted

reasonably.

74.     Experian's reinvestigations merely copied and relied upon the inaccurate information conveyed by United.

75.     Experian's reinvestigations of Plaintiff's disputes were not conducted in good faith.

76.     Experian's reinvestigation procedures are unreasonable.

77.     Experian's re-investigations of Plaintiff's disputes were not conducted using all information reasonably available to Experian.

78.     Experian's reinvestigations were *per se* deficient by reason of these failures in Experian's reinvestigations of Plaintiff's disputes.

79.     As a result of Experian's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Experian's derogatory and continued reporting of the Account, did not wish to further damage her credit scores with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account that does not belong to Plaintiff.

80.     Experian's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

81.     Experian's actions in violation of 15 United States Code, Section

1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT THREE:**
**FAIR CREDIT REPORTING ACT –**
**<u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)</u>**
**(as to United)**

Plaintiff re-alleges paragraphs one (1) through fifty-six (56) as if fully restated herein and further states as follows:

82.     United is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to request that Experian delete the Account from Plaintiff's credit reports and credit file after re-investigating Plaintiff's repeated disputes.

83.     As described above, Plaintiff was not and is not personally liable for the Account, because: (i) Plaintiff does not have any active or closed credit accounts with United referenced by the account numbers listed; (ii) Plaintiff did not personally apply for the Account or open the Account; (iii) Plaintiff did not authorize any person to open to the Account in Plaintiff's name or on Plaintiff's behalf; (iv) Plaintiff possessed no knowledge of the Accounts prior to receiving the alert

16

regarding her credit report in April 2023; and (v) Plaintiff did not receive the benefit of any money, goods, or services from any charges or transactions made using the Account.

84.     Despite United receiving notice of Plaintiff's First Dispute from Plaintiff and Experian—and despite United previously confirming that Plaintiff was not responsible for the Account—United willfully and/or negligently failed to request that Experian delete the tradelines associated with the Account.

85.     Rather than delete its reporting of the illegitimate Account after receiving notice of Plaintiff's First Dispute, United inaccurately "verified" or "updated" its erroneous and fictitious reporting of the Account which ultimately reflected negatively and adversely on Plaintiff's credit reports and credit files as maintained by Experian.

86.     United's refusal to request that Experian delete the tradelines associated with the Accounts was intentionally, willfully, and knowingly done as United clearly possessed knowledge that the Account did not belong to Plaintiff and did not bear her name, her social security number, or her address, but instead, the name, social security number, and address of an unrelated third-party.

87.     United's re-investigations were not conducted in good faith.

88.     United's re-investigations were not conducted reasonably.

89.     United's re-investigations were not conducted using all information and documents reasonably available to United.

90.     As a result of United's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of United's erroneous and fictious reporting of the Account, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as belonging to Plaintiff rather than the true third party who opened them.

91.     United's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

92.     United's violations of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

a.      Judgment against Defendants for maximum statutory damages for violations of the FCRA;

b.     Actual damages in an amount to be determined at trial;

c.     Compensatory damages in an amount to be determined at trial;

d.     Punitive damages in an amount to be determined at trial;

e.     An award of attorney's fees and costs; and

f.     Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW, PLLC**

*/s/ Jon P. Dubbeld*

**Aaron M. Swift, Esq., FBN 0093088**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Jon P. Dubbeld, Esq., FBN 105869**
**Sean E. McEleney, Esq., FBN 125561**
8380 Bay Pines Blvd.
St. Petersburg, FL 33709
Phone: (727) 755-3676
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
smceleney@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*