# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CARMEN CLAVELL LAMONACO,
an individual,

                                  Case No.: 6:23-cv-01326-PGB-LHP

       Plaintiff,

v.

UNITED AUTO
CREDIT CORPORATION,
a foreign profit corporation, and
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation,

       Defendants.

_____/

## PLAINTIFF'S
## RESPONSE IN OPPOSITION TO
## DEFENDANT EXPERIAN INFORMATION
## SOLUTIONS, INC.'S MOTION TO COMPEL ARBITRATION

**COMES NOW**, Plaintiff, CARMEN CLAVELL LAMONACO ("Plaintiff"), by and through the undersigned counsel, and hereby files *Plaintiff's Response in Opposition to Defendant Experian Information Solutions, Inc.'s Motion to Compel Arbitration* (Doc. 27). In support thereof, Plaintiff states:

## I.    INTRODUCTION

A preponderance of the evidence does not support the existence of a written arbitration agreement between Plaintiff and Experian's affiliate. Separately—and independently fatal to Experian's request—Experian has steadily and repeatedly acted for several months inconsistently with any right to arbitrate Plaintiff's claims. For the

reasons set forth below, Experian's Motion to Compel Arbitration should be denied.

## II.    STANDARD OF REVIEW

A motion to compel arbitration is reviewed as a Rule 12(b)(1) motion to dismiss directed to subject matter jurisdiction. *See Gadreau v. My Pillow, Inc.*, 2022 WL 3098950 *1, *2 (M.D. Fla. 2022). A party is entitled to arbitration where "(1) a valid, written agreement exists between the parties containing an arbitration clause; (2) an arbitrable issue exists; and (2) the right to arbitration has not been waived." *See Id.* at *3. The party seeking arbitration "has the burden of establishing that an enforceable agreement exists." *See Id.*

As to the existence of an arbitration agreement, "courts apply state law principles relating to contract formation ..." *See Id.* A contract in Florida requires "offer, acceptance, consideration and sufficient specification of essential terms." *See Armont v. K12 (Florida Cyber Charter Academy – FLCCA)*, 2019 WL 7666549, *1, *8 (M.D. Fla. 2019). A "proponent of the contract must prove these elements by a preponderance of the evidence." *See Id.*

Although the Federal Arbitration Act (FAA) contains a "policy favoring arbitration," a party may waive its right to arbitrate by "substantially participat[ing] in litigation to a point inconsistent with an intent to arbitrate." *See Morgan v. Sundance*, 142 S.Ct. 1708, 1413 (2022); *Soriano v. Experian Information Solutions, Inc.*, 2022 WL 6734860 *1, *3 (M.D. Fla. 2022). In *Gadreau*, the Middle District held that, post-*Morgan*, a party's alleged waiver of a right to arbitrate is governed by state law and can

be guided by principles governing the waiver of forum-selection clauses.  *See Gadreau*, 2022 WL 3098950 *1, *7-*8.

### III.    ARGUMENT AND MEMORANDUM OF LAW

As to the existence of an arbitration provision, Experian's generalized Declaration does not demonstrate that Plaintiff herself agreed to arbitrate the claims filed in this case and preponderance of the evidence does not support the existence of a written arbitration agreement between Plaintiff and Experian.

To the extent any arbitration right did ever exist in favor of Experian, Experian fully waived any such right because Experian did not merely dip a toe in the waters of this case.  Experian undertook acts that—both individually and collectively—were completely inconsistent with any right to arbitration.

On the two bases asserted herein, Plaintiff respectfully requests that Experian's Motion to Compel Arbitration be denied.

### A.    A Preponderance of the Evidence Does Not Support the Formation or Existence of a Valid Arbitration Agreement

As an initial matter, Plaintiff does not contest the scope of the alleged arbitration agreement or Experian's alleged relationship with ConsumerInfo.com, Inc., doing business as Experian Consumer Services.  Rather, Plaintiff asserts that Experian failed to submit sufficient evidence showing that Plaintiff personally agreed to arbitrate her claims with Experian.

In support of its Motion, Experian relies upon its Declaration to establish that Plaintiff enrolled in "CreditCheck Total, a paid credit monitoring service" offered by

its affiliate ConsumerInfo.com, Inc., doing business as Experian Consumer Services. *See* Doc. 27-1 at pp. 2-3 ¶¶ 1-3. Although Experian states that "on February 16, 2020, Plaintiff enrolled in CreditCheck Total," not a single attachment to the Declaration contains any reference to Plaintiff Carmen Clavell Lamonaco by name or any identifying information tied to Carmen Clavell Lamonaco. *Id.* at p. 2 ¶ 3; pp. 7-28. Rather, the Declaration's attachments consist only of template, generalized forms that Experian repeatedly references "would have appeared" for Plaintiff's completion. *Id.* at pp. 3-4 ¶ 3-4; pp. 7-28. Separately, although Experian states that Plaintiff enrolled in CreditCheck Total, Experian conspicuously omits from disclosure the actual "membership enrollment data" that was purportedly reviewed to make such statement. *Id.* at pp. 2-3 ¶ 1 and 3. As such, as part of the Court's analysis concerning whether an arbitration contract was formed, the Court should consider that Experian has not presented the best evidence, meaning: Experian provides testimony about the supposed content of an alleged record, not the alleged record itself. *See Idearc Media Corp. v. Kimsey & Assoc., PA*, 2011 WL 1560653, *1, *4 (M.D. Fla. 2011) (describing that where a writing contains the best evidence of the assertion offered to prove the matter in dispute, the contents must be proven by the face of the alleged document).

In summary, the lack of specificity and hearsay within Experian's Declaration does not confirm the identity, ownership of, and access to, and use of, any e-mail account that Experian contends was used to enrolled in CreditCheck Total. Experian has not met its preponderance of the evidence to establish an offer, acceptance, and consideration between Plaintiff and Experian for the CreditCheck Total service's

alleged arbitration agreement, and as such, Plaintiff's Motion should be denied for lack of evidence corroborating a valid, written arbitration agreement.

**B.    Experian Waived Any Right to Arbitrate by Repeatedly Invoking the Judicial Process for Several Months Without any Indication that Experian Would Seek Arbitration**

In relation to a contractual right such as a right to arbitrate, "waiver occurs when a party performs an act which is inconsistent with the right or his intention to rely upon the right." *See Gaudreau*, 2022 WL 3098950 *1, *7 (internal quotations omitted). Specific to Florida, "a party's right may be waived by actively participating in a lawsuit or taking action inconsistent with that right." *See Id.* Here, the Court can not only review the body of Experian's actions as a whole, but could alternatively single out any one of Experian's activities in this case to discern that Experian has acted inconsistently with the right to arbitrate and actively participated in this action without any intention to rely on a right to arbitrate.

First, the Court should consider that Plaintiff's Complaint was filed on July 14, 2023 and served to Experian on July 19, 2023. *See* Docs. 1 and 9. On August 9, 2023, Experian filed its *Answer and Affirmative Defenses*. Doc. 11. Neither Plaintiff's Complaint nor Experian's Answer mention the CreditCheck Total service or an agreement to arbitrate. *See* Docs. 1 and 11. Experian's Answer raised a battery of eight affirmative defenses that showed an intent to prove such defenses in this forum, not in arbitration. *See* Doc. 11 at pp. 21-22. Such conduct indicates active participation in the form of mounting substantive defenses to Plaintiff's Complaint in

this Court.

Second, on or about September 15, 2023, Experian participated in the case planning conference and jointly signed the *Case Management Report* with Plaintiff and co-Defendant United Auto Credit Corporation. Doc. 19. The Case Management Report states that "trial will last approximately 3 days and be [checked box] jury." *See Id.* at p. 2. As such, Experian clearly represented and verified that Plaintiff's claims were appropriate in this Court and before a jury. Additionally, Experian's separate "description of the action" contained a statement that Experian reserved the right to bring claims against Plaintiff "in this action." *Id.* at p. 3. Experian did not mention arbitration in any way within the Case Management Report. *Id.* Experian's representations in the Case Management Report as to the appropriateness of a jury trial and Experian's failure to mention arbitration at all—even within its own *self-authored* "description of the case," are actions completely inconsistent with any right to arbitrate. Experian's affirmative statements, representations, and omissions in the Case Management Report are properly considered in a waiver analysis and favors the existence of waiver. *See Soriano*, 2022 WL 6734860 *1, *3 ("Experian … participated in a case management report and submitted a case management report asking for a jury trial [] without mentioning arbitration").

Third, Experian raised the possibility of an arbitration agreement—for the first time—after Plaintiff engaged Experian in discovery in this case. More specifically, in September 2023, Plaintiff served Requests for Production and Interrogatories to Experian. On or about October 19, 2023, Experian served it written responses to

Plaintiff's discovery requests.  For the first time—and as a basis for objecting to and failing to substantially answer each of Plaintiff's discovery requests—Experian asserted that an agreement exists requiring Plaintiff to arbitrate her claims through the American Arbitration Association.

Fourth, Experian participated in coordinating mediation before filing its Motion to Compel, and mediation is jointly scheduled for August 24, 2024 with Hon. Gregory Holder (Ret.).  Experian's willingness to coordinate and notice mediation shows further intentions to litigate Plaintiff's claims in court and not through arbitration.

Fifth and finally, within Experian's Rule 7.1 and Local Rule 3.03 disclosures, Experian failed to identify or identify the entity "CIC/ECS," which is referenced in its Declaration.  *See* Doc. 13.  Per Experian's Declaration, CIC/ECS is "Experian Consumer Services" and "ConsumerInfo.com, Inc."  *See* Doc. 27-1, pp. 2-3. Supposedly, CIC is the entity that entered into an arbitration agreement with Plaintiff that covered Plaintiff's claims against Experian.  *See Id*.  Experian states that "[Defendant] **Experian ... is an affiliate of CIC/ECS**.  *See Id*. at pp. 2-3 (emphasis added).  Middle District of Florida Local Rule 3.03 requires that each party file a disclosure statement stating "each person—including each ..subsidiary, **affiliate** ... and other identifiable related legal entity—that has or might have an interest in the outcome.  *See* M.D. FL. Local R. 3.03(a)(1) (emphasis added).  Despite now asserting that CIC/ECS is a party to a contract that has a direct bearing on the forum of this

action, and despite now stating that CIC/ECS is "an affiliate" of Experian, Experian did not disclose—and has not to this day disclosed—CIC or ECS in its Rule 3.03 disclosure. *See* Doc. 13. Experian's failure to mention CIC or ECS in its disclosures is an act that is completely inconsistent with moving to enforce its affiliate's arbitration provision and certainly did not give any "fair notice" to Plaintiff that Experian's affiliates CIC or ECS would be involved—much less that the affiliates would assert the existence of a completely undisclosed contract bearing on the forum. *See Soriano*, 2022 WL 6734860 *1, *3 ([F]air notice at a relatively early stage of limitation is a primary factor in considering whether a party has acted consistently with its arbitration rights").

## IV.    CONCLUSION

WHEREFORE, for the reasons stated above, Plaintiff respectfully requests the Court enter an Order denying Experian's Motion to Compel Arbitration and for any other relief deemed just and proper.

Dated: November 7, 2023

Respectfully submitted,

**SWIFT LAW PLLC**

/s/ *Sean E. McEleney*
Aaron M. Swift, Esq., FBN 0093088
Jordan T. Isringhaus, Esq., FBN 0091487
Jon P. Dubbeld, Esq., FBN 105869
Sean E. McEleney, Esq., FBN 0125561
8380 Bay Pines Blvd.
St. Petersburg, FL 33709
Phone: (727) 490-9919
Fax: (727) 255-5332

aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
smceleney@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 7, 2023, I electronically filed a true and correct copy of the above and foregoing via CM/ECF which shall serve a copy of the same to all parties and counsel of record for all Defendants.

/s/ *Sean E. McEleney*
Attorney for Plaintiff